THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARRYL SHANNON, Defendant-Appellant.

Fourth District   No. 4—91—0319

Opinion filed February 20, 1992.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant Darryl Shannon, a prisoner at Pontiac Correctional Center (Pontiac), was convicted of aggravated battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(b)(6)) following a jury trial in the circuit court of Livingston County. The alleged victim was a correctional officer at Pontiac. According to the victim, defendant hit him in the face after the victim placed his hand on defendant's shoulder and turned defendant around. Defendant introduced evidence of the victim's actions and contends he had legal justification for his actions. On appeal, defendant argues he had evidence of legal justification, and that the State failed to prove him guilty beyond a reasonable doubt. We disagree and affirm.

First, we point out facts in *People v. Williams* (1974), 57 Ill. 2d 239, 311 N.E.2d 681, are far different from those in the present case, which involves a prisoner's reaction to physical contact by a correctional officer. Physical contact by a correctional officer, or for that matter a police officer, acting within the scope of his or her duties, does not provide justification for a retaliatory attack. Any other rule of law would lead to asinine results and interfere with the control of those imprisoned.

On review, when considering the sufficiency of the evidence to support a conviction, " '[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277, quoting *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560,

573, 99 S. Ct. 2781, 2789.) Here, the evidence viewed in a light most favorable to the prosecution shows that all elements of the crime were proved beyond a reasonable doubt. True, there was conflict between testimony of the State's witnesses and that of defense witnesses. However, credibility is for the trier of fact, and the reviewing court will not substitute its judgment where evidence is merely conflicting. *People v. Foster* (1979), 76 Ill. 2d 365, 373, 392 N.E.2d 6, 9; *People v. Jackson* (1982), 105 Ill. App. 3d 750, 754, 433 N.E.2d 1385, 1389.

The State's evidence established that contact by the victim with defendant was connected with an attempt to require several inmates to proceed to the back of a cafeteria food line. This evidence established that the victim's conduct was within the scope of his duties and did not justify retaliation. While this was in conflict with defendant's statement that the victim had verbally assaulted him, poked him in the face, and spit in his face, the fact finder was entitled to believe the victim.

Affirmed.

McCULLOUGH and COOK, JJ., concur.